1

2

3

4                      UNITED STATES DISTRICT COURT

5                         DISTRICT OF NEVADA

6                               * * *

7    NICOLE R. LEAL,                        Case No. 2:14-cv-01524-APG-PAL

8                          Plaintiff,                    ORDER

9          v.                               (Various Mtns – Dkt. ##1-9 & 11)

10   MICHELLE FERRINI, et al.,

11                         Defendants.

12

13         Plaintiff Nicole R. Leal is proceeding in this action pro se.  She has requested authority

14   pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis and submitted a complaint.  This matter

15   was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B)

16   and Local Rules IB 1-3 and 1-4.

17   **I.      In Forma Pauperis Application (Dkt. #1).**

18         Plaintiff has submitted the affidavit required by § 1915(a) showing that she is unable to

19   prepay fees and costs or give security for them.  Accordingly, her request to proceed in forma

20   pauperis will be granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's

21   complaint.

22   **II.     Screening the Complaint**

23         Upon granting a request to proceed in forma pauperis, a court must additionally screen a

24   complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action

25   is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

26   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When

27   a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the

28   complaint with directions as to curing its deficiencies, unless it is clear from the face of the

1    complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70

2    F.3d 1103, 1106 (9th Cir. 1995).

3         Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint

4    for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is

5    essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d

6    719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of

7    the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp.*

8    *v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual

9    allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

10   elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v.*

11   *Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations

12   contained in the complaint, but the same requirement does not apply to legal conclusions. *Id.*

13   Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do

14   not suffice. *Id.* at 679-80. Secondly, where the claims in the complaint have not crossed the line

15   from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

16        The complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C. §

17   1983.   To state a claim under section 1983, a plaintiff must allege that a right secured by the

18   Constitution has been violated, and the deprivation was committed by a person acting under color

19   of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). States and state officers sued

20   in their official capacity are not "persons" for the purposes of a section 1983 action, and generally,

21   they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).

22   Section 1983 does allow suits against state officers in their individual capacities. *Hafer v. Melo*,

23   502 U.S. 21, 26 (1991). Plaintiff's complaint names her former landlord, Michelle Ferrini, and

24   Mark Aliano, the owner of a company called Granite City & Marble, located in Stoughton,

25   Massachusetts. Plaintiff has not alleged either of these people are state actors, and she cannot state

26   a claim under 42 U.S.C. § 1983 against them.

27        The complaint alleges that Plaintiff currently resides in Las Vegas, Nevada. She moved

28   out of her former residence, 976 Douglas Avenue in Providence, Rhode Island, on July 19, 2014.

She asserts claims of fraud, mail fraud, breach of contract, and negligence against Ferrini and Aliano and seeks damages in the amount of $80,000.00 for "emotional distress, financial difficulties." She claims that her landlord, Michelle Ferrini, picked up her mail from her Douglas Avenue address and has not mailed an unspecified "government-issued check" to Plaintiff at her residence in Las Vegas, Nevada. Ferrini has also not mailed Plaintiff her $750.00 security deposit. Plaintiff signed a leasing agreement that her $750.00 security deposit would be refunded thirty days after her move out date, but she has not yet received it.

As an initial matter, Plaintiff has not alleged any facts at all to support a claim against Defendant Aliano or Granite City & Marble. She alleges only that Aliano owns Granite City & Marble, and that Michelle Ferrini collected Plaintiff's rent on behalf of the company. As Plaintiff has not alleged any facts to support a claim against Aliano and Granite City & Marble, Plaintiff's claims against them will be dismissed with leave to amend. For reasons discussed below, the court doubts that Plaintiff will be able to establish that this court has personal jurisdiction over the Defendants, or subject matter jurisdiction over this case.

With respect to Ferrini, Plaintiff has not alleged any facts to support this court's personal jurisdiction over Ferrini, or subject matter jurisdiction over Plaintiff's complaints against her. Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Plaintiff's complaint asserts claims for mail fraud, breach of contract, and negligence. Mail fraud is a federal crime prohibited by 18 U.S.C. § 1341. As a general rule, there is no private right of action under title 18 of the United States Code. *See Dyson v. Utigard,* 163 F.3d 607, 607 (9th Cir. 1998); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no basis for civil liability under Title 18). In plain English, this means that a plaintiff may not sue defendants for violation of the mail fraud statute.

Plaintiff's other two claims for breach of contract and negligence are not federal claims. Plaintiff's complaint does not establish that the court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff may be filing this case in federal court because she believes she can invoke the court's diversity jurisdiction under 28 U.S.C. § 1332 because she now resides in Nevada, Ferrini

- 3 -

resides in Rhode Island, Aliano and Granite City & Marble reside in Massachusetts and she seeks damages of $80,000.00.

To file a lawsuit in federal court asserting state claims against Defendants based on diversity Plaintiff must establish that the amount in controversy exceeds $75,000. Plaintiff's request for $80,000.00 damages is conclusory and not supported by the facts alleged in the complaint. Plaintiff asserts that Ferrini failed to refund a $750.00 security deposit and a "government-issued check" in an unspecified amount. Although normally, the court defers to the statement of damages in a complaint, it has an "independent obligation to examine its jurisdiction where doubts arise." *See Surber v. Reliance Nat. Indem. Co.,* 110 F. Supp. 2d 1227, 1231 (N.D. Cal. 2000) (internal citation and marks omitted). Plaintiff's conclusory allegation that she suffered $80,000.00 in damages for her failure to receive the $750.00 refund and a "government-issued check" in an unspecified amount does not establish this court has subject matter jurisdiction based on diversity.

Plaintiff has also not established that this court has personal jurisdiction over the Defendants who are residents of Rhode Island and Massachusetts. This court's jurisdiction to resolve a case on its merits requires a showing that the Plaintiff has both subject matter and personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co,* 526 U.S. 574, 577 (1999). Personal jurisdiction represents a restriction on judicial power which is based on principles of individual liberty. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 634, 702 (1982). There are two types of personal jurisdiction: general and specific. When a state exercises personal jurisdiction over a defendant in an action not arising out of, or related to, the defendant's contact with the forum, the state is said to exercise "general jurisdiction" over the defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 n.9 (1984). A finding of general jurisdiction allows a defendant to be hailed into court in the forum state to defend any of its activities anywhere in the world. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 801 (9th Cir. 2004). Specific jurisdiction is more limited. Plaintiff does not allege any facts which would show that the Defendants have any contacts with the state of Nevada or have done any type

/ / /

- 4 -

of business here such that they may be subject to personal jurisdiction in Nevada.  Just because Plaintiff lives here does not mean she can sue out-of-state Defendants in federal court in Nevada.

The standard for establishing general jurisdiction is "fairly high" and requires a showing that the defendant's contacts with the state are sufficient to approximate physical presence. *Bangcroft & Masters, Inc. v. Agusta National, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). Generally, a plaintiff must show that a non-resident defendant's activities in the forum state are "continuous and systematic."  *Helicopteros*, 466 U.S. at 415.  Plaintiff has alleged no facts to support a showing that the Defendants' contacts with the State of Nevada are continuous and systematic and approximate their physical presence in the State of Nevada.

Plaintiff's complaint also does not meet the three-part test for establishing specific personal jurisdiction over the Defendants in this case.  Defendants who live or operate primarily outside of a state have a due process right not to be subjected to judgment in out-of-state courts.  The Ninth Circuit applies a three-part test to determine whether the exercise of specific jurisdiction over a non-resident defendant is appropriate. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). Specific jurisdiction may be exercised if:

1. The non-resident defendant purposely directs its activities or consummates some transaction within the forum, or with the resident of the forum; or performs some act which purposely avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the laws of the forum;
2. The claim arises out of or relates to the Defendant's forum-related activities; and
3. The exercise of jurisdiction comports with fair play and substantial justice, *i.e.,* is reasonable.

*Id.*

In this case, the Plaintiff complains that her Rhode Island landlord did not refund a $750.00 security deposit for a residence she leased in Rhode Island, and also failed to forward a "government-issued check" in an unspecified amount to her after she relocated to Nevada.  For the reasons this order explains, it does not appear that Plaintiff can establish that this court has either personal jurisdiction over the Defendants or subject-matter jurisdiction over Plaintiff's claims.  As

stated, it does not appear that Plaintiff has any federal claim.  She is attempting to assert state claims against non-resident Defendants who failed to refund a security deposit and/or forward a check to her.  However, the court will afford Plaintiff an opportunity to file an amended complaint if she believes she can establish a basis for this court's subject matter jurisdiction and personal jurisdiction over the Defendants.

If Plaintiff elects to proceed in this action by filing an amended complaint, she should specifically identify each Defendant to the best of her ability, support each claim with factual allegations about each Defendants' actions, and state the basis for this court's subject matter jurisdiction and personal jurisdiction over each Defendant.  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

For all of these reasons,

**IT IS ORDERED:**

1.      Plaintiff's request to proceed in forma pauperis is GRANTED.  Plaintiff shall not be required to pay the filing fee of four hundred dollars.

2.      Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

.       Plaintiff shall have until **January 30, 2014**, to file an amended complaint, if she believes she can correct the noted deficiencies.  The amended complaint must be a

complete document in and of itself, and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

.       Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT," along with the case number, **2:14-cv-01524-APG-PAL** on page 1 in the caption.

3.      Plaintiff is expressly cautioned that if she does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

4.      Plaintiff's various Motions (Dkt. ##2-9 & 11) are DENIED WITHOUT PREJUDICE.  If Plaintiff files an amended complaint that states a claim upon which relief can be granted, Plaintiff may refile them at the appropriate time.

Dated this 31st day of December, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

- 7 -